Lkhamjav v. Barr

BIA
Ruehle, IJ
A205 152 815

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of April, two thousand twenty.

PRESENT:
    JOSÉ A. CABRANES,
    WILLIAM J. NARDINI,
    STEVEN J. MENASHI,
        *Circuit Judges.*

_____

GANBAATAR LKHAMJAV, AKA LKHAMJAV GANBAATAR, AKA GARBAATAR LKHANJAV,
        *Petitioner,*

        v.                                    18-2434
                                              NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Frederick P. Korkosz, Albany, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Cindy S.
                         Ferrier, Assistant Director;
                         Genevieve M. Kelly, Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ganbaatar Lkhamjav, a native and citizen of Mongolia, seeks review of an August 9, 2018, decision of the BIA affirming a July 20, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ganbaatar Lkhamjav,* No. A 205 152 815 (B.I.A. Aug. 9, 2018), *aff'g* No. A205 152 815 (Immig. Ct. Buffalo July 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The agency concluded that Lkhamjav is statutorily ineligible for asylum because his application was untimely filed. *See* 8 U.S.C. § 1158 (a)(2)(B). The agency considered

2

Lkhamjav's argument that changed country conditions—specifically that those who allegedly targeted him in Mongolia had become more powerful—excused his delay in filing his application. *See* 8 U.S.C. § 1158(a)(2)(D). But the agency determined that Lkhamjav failed to demonstrate extraordinary or changed circumstances that would excuse the untimely filing of his application. This is a factual determination that we lack jurisdiction to review. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) ("[W]e remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law."). Because the untimely filing of his application resolves his asylum claim, we dismiss Lkhamjav's petition for review of his asylum claim for lack of jurisdiction.

The agency did not err in concluding that Lkhamjav failed to satisfy his burden of proof for withholding of removal based on his claim that he was detained and threatened in Mongolia on account of his membership in the particular social group of "persons who have run afoul of persons in power."

3

In order to establish eligibility for withholding of removal, an applicant must establish "that race, religion, nationality, membership in a particular social group, or political opinion was or will be 'at least one central reason'" for persecuting the applicant. *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010); 8 U.S.C. § 1231(b)(3)(A). "An applicant for . . . withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." Matter of M-E-V-G-, 26 I. & N. Dec. 227, 227 (BIA 2014).

To satisfy the particularity requirement, a social group "must be defined by characteristics that provide a clear benchmark for determining who falls within the group." *Id.* at 239. As the agency concluded, Lkhamjav's proposed social group did not satisfy the particularity requirement because its boundaries were overbroad and narrowed only by the subjectively defined terms "run afoul of" and "persons in power." *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("If 'wealth' defined the boundaries of a particular

4

social group, a determination about whether any petitioner fit into the group (or might be perceived as a member of the group) would necessitate a sociological analysis as to how persons with various assets would have been viewed by others in their country."); *see also Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (BIA 2008) (finding too amorphous the proposed group of "male children who lack stable families and meaningful adult protection[] [and] who are from middle and low income classes . . . because people's ideas of what those terms mean can vary" (internal quotation marks omitted)).

Because the boundaries of Lkhamjav's proposed social group cannot be objectively drawn, the group is not cognizable. *See Hernandez-Chacon v. Barr*, 948 F.3d 94, 101; *see also Matter of M-E-V-G-*, 26 I. & N. Dec. at 237. Furthermore, Lkhamjav, who testified that he was and would be targeted for collecting loans and seizing property on behalf of a bank, did not assert that he was or would be targeted on account of any of the other protected grounds, such as race, religion, nationality, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). Because Lkhamjav failed to establish a nexus between past and prospective harm and a protected ground, he failed to satisfy his burden of proof for

withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A). Accordingly, we do not consider the agency's alternative dispositive bases for denying that relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We also do not reach the agency's denial of CAT relief because Lkhamjav does not challenge that ruling in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding abandoned issues and claims not raised in opening brief).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6